NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES<br><br>v.<br><br>JASON COLON | No. 19cr868 (EP)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

Defendant Jason Colon pled guilty to conspiracy to distribute controlled substances, possession of a firearm as a convicted felon, possession with intent to distribute heroin and fentanyl, and possession of a firearm in furtherance of a drug trafficking crime. D.E.s 362 ("Plea Agreement"), 374 ("Judgment"). On July 19, 2023, Colon was sentenced to 144 months' imprisonment, followed by five years' supervised release. *Id.* at 2-3.[1] Colon now moves to reduce his sentence under the First Step Act, 18 U.S.C. § 3582(c)(1)(A). D.E. 388 ("Mot." or "Motion"). The Court decides the Motion without oral argument. L. Crim. R. 1.1 (incorporating by reference L. Civ. R. 78.1(b)). Having considered the Motion and all related items on the docket, and for the reasons set forth below, the Court will **DENY** Colon's Motion.

I.  BACKGROUND

A.  Factual Background

Colon's guilty plea stems from his involvement in a Newark drug trafficking organization's ("DTO") distribution of controlled substances. A group of individuals used 944 South 20th Street in Newark, New Jersey (the "CKarter House") as an open-air narcotics distribution market. PSR

---

[1] This case was reassigned to the undersigned on October 12, 2023.

¶ 101-02.[2]  Narcotics were also sold at 925 South 20th Street in Newark, New Jersey.  *Id.* ¶ 102.  By 2017, renovations began at the CKarter House, displacing the narcotics operation and relocating it to 921 South 20th Street in Newark, New Jersey.  *Id.* ¶ 103.  The South 20th Street Houses were the nucleus of sales of heroin and crack cocaine.  *Id.*

The DTO had a hierarchical structure.  *Id.* ¶¶ 110-14.  Colon supplied DTO leaders with controlled substances.  *Id.* ¶ 111.  Beginning in 2017, law enforcement agencies investigated the DTO through fixed and mobile surveillance.  *Id.* ¶ 115.  As a result of surveillance, law enforcement obtained and executed search warrants for Colon's residence and vehicles.  *Id.* ¶ 138.  Law enforcement recovered controlled substances and other evidence establishing Colon's involvement with the DTO.  *Id.*

### B.     Procedural Background

Colon waived prosecution by indictment, D.E. 359, and on February 22, 2023, a Superseding Information charged Colon with conspiracy to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) (Count I); possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count II); possession with intent to distribute heroin and fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) (Count III); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count IV).  D.E. 358.

Colon signed a Plea Agreement whereby he agreed to plead guilty to the foregoing four-count Superseding Information.  Plea Agreement.  In the Plea Agreement, the parties agreed to a stipulated sentencing range of 10 to 14 years' (120 to 168 months') imprisonment to be followed

---

[2] "PSR" refers to the Final Presentence Investigation Report prepared in this case by the U.S. Probation Office, which was submitted to the Court on June 9, 2023.  The objections to the PSR are not relevant to the facts described herein by the Court.

2

by at least four years of supervised release. *Id.* at 2. On February 22, 2023, Colon entered a guilty plea to the four-count Superseding Information under the Plea Agreement. D.E. 391. On July 19, 2023, the Court sentenced Colon to 84 months' imprisonment for each of Counts I, II, and III, to run concurrently, and 60 months on Count IV, to run consecutively, for a total of 144 months' imprisonment, to be followed by five years' supervised release. Judgment at 2-3. The sentence of 144 months' imprisonment was within the Plea Agreement's stipulated 10 to 14-year sentencing range and significantly lower than the post-plea Guidelines range of 248 to 295 months. PSR ¶ 297.

Colon is currently serving his sentence with a projected release date of September 7, 2029. D.E. 433 ("Opp'n"). On December 12, 2023, Colon filed his Motion before this Court for a reduction in sentence under Section 3582(c)(1)(A). Mot. The Government opposes. Opp'n. Colon does not reply.

## II.    LEGAL STANDARD AND ANALYSIS

Section 3582(c)(1)(A), as amended by Section 603(b) of the First Step Act, provides that a sentencing court,

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction

18 U.S.C. § 3582(c)(1)(A); *see United States v. Raia*, 954 F.3d 594, 596 (3d Cir. 2020) (finding that Section 3582's text requires compassionate-release motions to be addressed to the sentencing court). The defendant "bears the burden of satisfying both that he has (1) exhausted remedies before seeking judicial review, and (2) that compelling and extraordinary reasons exist to justify compassionate release." *United States v. Sellers*, Crim. No. 10-434, 2020 WL 1972862, at *1 (D.N.J. Apr. 24, 2020) (citing 18 U.S.C. § 3582(c)(1)(A)).

A. **Colon Has Established That He Exhausted His Administrative Remedies**

Where, as Colon has done here, a defendant submits a motion directly to the Court under Section 3582(c)(1)(A), he must first have exhausted any available administrative remedies. *See Raia*, 954 F.3d at 597. Those remedies include, at minimum, asking the Bureau of Prisons ("BOP") to make a motion on the defendant's behalf, allowing the BOP 30 days to respond, and exhausting any available administrative appeals. *See id.* at 595-97. Only 30 days after submitting such a request to the BOP, or after receiving an adverse decision, whichever is earlier, may a defendant move the court for a reduction in sentence under Section 3582(c)(1)(A). *See id.* at 595 n.1 (citing Section 3582(c)(1)(A)).

Colon states in his Motion that he "satisfied the [statutory] exhaustion requirements" by submitting a request to the warden over 30 days before submitting the Motion. Mot. at 1. Colon annexes a letter addressed to "F.C.I. Warden," dated October 3, 2023, requesting compassionate release. *Id.*, Ex. A. In an unauthorized supplemental letter, the Government represents that, after review of its records, "the Bureau of Prisons has confirmed that FCI-Otisville[3] has no record of receiving the Defendant's request for compassionate release." D.E. 434 at 1. However, the Government's lack of a *record* of Colon's request does not establish he did not make such a

---

[3] FCI-Otisville is the facility where Colon was serving his sentence at the time he filed his Motion. Colon submitted a change of address to the Court on September 16, 2024. D.E. 428.

4

request. Accordingly, Colon has established that he exhausted his administrative remedies. *See United States v. Gadsden*, Crim. No. 09-305, 2020 WL 3871083, at *2 (W.D. Pa. July 9, 2020) ("[I]f the warden does not respond to the inmate's request, the inmate may file a motion with the court after 30 days have lapsed."). Nevertheless, for the reasons below, the Court will **DENY** Colon's Motion.

### B. Colon Has Not Shown Extraordinary and Compelling Reasons Warranting a Sentence Reduction

If a defendant exhausts his administrative remedies, he must then show that "'(1) extraordinary and compelling reasons warrant a reduction, (2) the reduction would be consistent with applicable policy statements issued by the Sentencing Commission, and (3) the applicable sentencing factors under § 3553(a) warrant a reduction.'" *United States v. Perez*, Crim. No. 02-684-1, 2022 WL 17129192, at *1 (D.N.J. Nov. 21, 2022) (quoting *United States v. Rivera*, Crim. No. 06-849, 2022 WL 1284717, at *1 (D.N.J. Apr. 29, 2022)).

"'Extraordinary and compelling reasons' are not defined by statute. Rather, Congress tasked the United States Sentencing Commission with providing a definition. Congress's only instruction to the Commission was that '[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.'" *Id.* at *2 (quoting 28 U.S.C. § 994(t)). The Commission provided the following definition for "extraordinary and compelling reasons":

> (A) terminal illness diagnoses or serious medical, physical or mental impairments from which a defendant is unlikely to recover, and which 'substantially diminish' the defendant's capacity for self-care in prison; (B) aging-related health decline where a defendant is over 65 years old and has served at least ten years or 75% of his sentence; or (C) two family related circumstances: (i) death/incapacitation of the only caregiver for the inmate's children or (ii) incapacitation of an inmate's spouse, if the inmate is the spouse's only caregiver.

*United States v. Balter*, Crim. No. 93-536, 2023 WL 6307439, at *4 (D.N.J. Sept. 27, 2023) (paraphrasing U.S.S.G. § 1B1.13, cmt. n.1(A)-(C)). Although courts are not bound by Section

5

1B1.13's definition of "extraordinary and compelling reasons," courts may still consider the definition as a "guide" to "shed[] light on the meaning of extraordinary and compelling reasons." *United States v. Andrews*, 12 F.4th 255, 259-60 (3d Cir. 2021), *cert. denied*, 142 S. Ct. 1446 (2022).

Colon first argues that his asthma and diabetes, coupled with flu season and the ongoing COVID-19 pandemic, "could lead to [him] becoming severely ill due to his weakened immune system." Mot. at 2. "In light of the COVID-19 pandemic, courts have generally deferred to the CDC's list of underlying medical conditions that increase one's risk of severe illness from the virus." *United States v. Hynes*, Crim. No. 18-222, 2020 WL 6060984, at *3 (D.N.J. Oct. 14, 2020). And courts look to conditions the CDC has identified as "high-risk" factors to determine whether medical conditions present an extraordinary and compelling reason to reduce a defendant's sentence considering the pandemic. *United States v. Mack*, Crim. No. 19-529, 2024 WL 1795228, at *2 (D.N.J. Apr. 25, 2024) (citing *United States v. Catanzarite*, Crim. No. 18-362, 2020 WL 2786927, at *4 (D.N.J. May 29, 2020)).

The Court finds that Colon's medical conditions are not extraordinary and compelling circumstances to warrant compassionate release.

*First*, Colon does not provide any medical records to verify whether he has these conditions or their severity.[4] *Second*, although the Court does not diminish the lingering threat of the COVID-19 pandemic and the staggering toll it has taken on incarcerated individuals, Colon's risk of infection does not currently pose "an extraordinary threat to Defendant or other inmates[.]" *Mack*, 2024 WL 1795228, at *3. The CDC has identified that "moderate to severe" asthma and either type 1 or type 2 diabetes "can make" an individual "more likely to get very sick from COVID-19." *People with Certain Medical Conditions*, CDC, May 11, 2023, https://perma.cc/9RLE-UWWM

---

[4] Colon avers that the BOP has not returned his request for medical records. Mot. at 2.

6

(last visited October 10, 2024). Colon notified the Court that he is currently housed at FCI Danbury. D.E. 428. Available information suggests that the infection numbers at certain BOP facilities "has improved considerably" and "a significant portion of the incarcerated population has been vaccinated, reducing the potential for widespread risk, and, in particular, reducing the risk that Defendant will contract COVID-19." *Mack*, 2024 WL 1795228, at *3 (internal citations omitted). The foregoing, coupled with Colon's opportunity to receive a COVID-19 vaccine or vaccine booster, leads the Court to find that Colon's medical conditions do not present extraordinary and compelling circumstances for compassionate release.

Colon next argues that his daughter, who suffers from leukemia, is in need of a primary care-giver because his daughter's mother "works a hectic schedule that will not allow her to be present during critical moments[.]" Mot. at 2. As the Government observes, Colon presents no documentation to substantiate his statements about his daughter's health. Opp'n at 6 (citing *United States v. Mason*, Crim. No. 17-191, 2021 WL 2530781, at *2-3 (D.N.J. June 21, 2021)). While the Court is sympathetic to family members' hardships, Colon's failure to present "any medical documentation or other competent evidence" militates denial of his Motion on these grounds. *United States v. Doolittle*, Crim. No. 19-501, 2020 WL 4188160, at *3 (D.N.J. July 21, 2020).

Lastly, Colon cites his "remarkable record of programming" and completion of over a dozen rehabilitation courses since his incarceration. Mot. at 2. However, Congress has made clear that "'[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.'" *Perez*, 2022 WL 17129192, at *2 (quoting 28 U.S.C. § 994(t)). Therefore, Colon's good behavior is not a basis for a reduction in sentence under Section 3582(c)(1)(A). *See United States v. McNair*, 481 F. Supp. 3d 362, 370 (D.N.J. 2020).

In sum, Colon has not set forth any circumstances that the Court, guided by the Sentencing Commission, finds "extraordinary and compelling" within the meaning of Section 3582(c)(1)(A).[5]

Colon also moves for the appointment of counsel. D.E. 388-1. "[I]n the context of motions under the First Step Act, a non-precedential panel applied the same standard followed in deciding motions for counsel under 28 U.S.C. § 1915(e)(1)." *United States v. Savage*, Crim. No. 12-617, 2021 WL 1628470, at *1 n.1 (E.D. Pa. Apr. 27, 2021) (citing *United States v. Gibbs*, 787 F. App'x 71 (3d Cir. 2019)). Under that standard, courts must determine whether the defendant's claim "has some merit in fact and law." *Id.* (quoting *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993)). As Colon's Motion is meritless, the Court will also **DENY** the motion for appointment of counsel.

## III.   CONCLUSION AND ORDER

For the foregoing reasons, **IT IS**, on this **25th** day of **October**, 2024,

**ORDERED** that Defendant's Motion, D.E. 388, is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court shall mail a copy of this Memorandum Order to Defendant.

Evelyn Padin, U.S.D.J.

---

[5] Because the Court finds that "extraordinary and compelling" reasons are not present here, it need not weigh the sentencing factors set forth in Section 3553(a). *See McNair*, 481 F. Supp. 3d at 370 n.8.